ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| SAN CARLOS MORTGAGE, LLC.<br>Apelado<br><br>v.<br><br>HILDA DEL ROSARIO FIGUEROA SANTIAGO T/C/C HILDA DEL SOLÁ FIGUEROA SANTIAGO<br>Apelante | TA2026AP00471 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Número: NSCI201500297<br><br>Sobre: Cobro de Dinero y Ejecución de Hipoteca |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de mayo de 2026.

Comparece ante esta Curia, la señora Hilda Del Rosario Figueroa Santiago (Sra. Figueroa Santiago o Peticionaria) y solicita que revoquemos una *Orden* que el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI o foro primario) notificó, el 10 de febrero de 2026. Mediante el referido dictamen, el foro primario declaró Ha Lugar la *Moción Informando sobre Finalidad de Trámite Apelativo en Cuanto a la Continuación de los Procedimientos y Confirmando Recibo de Mandato* que presentó San Carlos Mortgage LLC (San Carlos Mortgage) y, además, ordenó la continuación de los procesos.

Adelantamos que, por los fundamentos que expondremos a continuación, desestimamos el recurso de epígrafe por falta de jurisdicción. Veamos.

**I.**

La causa de epígrafe se originó, el 29 de abril de 2015, cuando el Banco Santander Puerto Rico (Banco Santander) instó en contra

de la Sra. Figueroa Santiago una *Demanda* sobre cobro de dinero y ejecución de hipoteca.[1] En particular alegó que, desde el 1 de septiembre de 2012, la Sra. Figueroa Santiago dejó de pagar las mensualidades del contrato de préstamo hipotecario, por lo cual, declaró vencida la totalidad de la deuda ascendente a $173,299.26 de principal, más intereses, costas, gastos y honorarios de abogado. En su consecuencia, solicitó la venta en pública subasta de la propiedad inmueble objeto del gravamen hipotecario.

En respuesta, la Sra. Figueroa Santiago contestó la demanda e instó una reconvención, a través de la cual, reclamó daños morales y emocionales ante las presuntas actuaciones torticeras del Banco Santander. Debido a la imposibilidad de lograr un acuerdo satisfactorio ante el Centro de Mediación de Conflictos, el Banco Santander solicitó la continuación de los procesos ante el foro judicial y, acto seguido, presentó su petitorio sumario.

Evaluada la moción dispositiva y por entender que no existen controversias de hechos medulares, el 25 de octubre de 2019, el foro primario dictó sumariamente la *Sentencia* impugnada, notificada el 29 del mismo mes y año. En ella, declaró con lugar la *Demanda* y condenó a la Sra. Figueroa Santiago al pago de $172,950.58 de principal, más intereses al tipo convenido de 7.250% anual, más $20,459.50 en costas, gastos y honorarios de abogado, entre otros. De incumplirse el pago impuesto dentro de los treinta (30) días de la notificación de la *Sentencia*, el TPI ordenó su ejecución mediante la venta en pública subasta de la propiedad hipotecada.

El 14 de diciembre de 2021, al cabo de más de dos (2) años de la notificación del dictamen del foro primario, la Sra. Figueroa Santiago presentó una *Moción de Desestimación*. Como fundamento para su petitorio, la Sra. Figueroa Santiago expuso que la parte

---

[1] El Banco Santander fue sustituido por FirstBank Puerto Rico como parte demandante, y ulteriormente, por San Carlos Mortgage.

demandante no le ofreció todas las alternativas de mitigación de pérdidas y que faltó a la verdad al afirmar que ella no entregó todos los documentos necesarios para completar el proceso de mediación compulsoria. El 12 de agosto de 2022, la Sra. Figueroa Santiago instó una *Moción Reiterando Solicitud de Desestimación con Perjuicio* en la cual insistió en que procede la desestimación de esta causa ante el incumplimiento de la parte demandante con la Sección 2-306 de la Ley de Transacciones Comerciales, 19 LPRA sec. 606.

Así las cosas y a solicitud de San Carlos Mortgage, el 21 de noviembre de 2024, el foro primario notificó la correspondiente *Orden de Ejecución de Sentencia.* Lo antes, para hacer cumplir su dictamen, notificado el 29 de octubre de 2019.

Tras solicitar sin éxito la reconsideración del referido pronunciamiento, y finalizado el trámite apelativo[2] que promulgó la Peticionaria, San Carlos Mortgage solicitó la continuación del procedimiento ante el TPI. A esos efectos, el foro primario notificó la *Orden* impugnada declarando ha lugar el petitorio de San Carlos Mortgage y decretó la reanudación de los procesos. Nuevamente, la Sra. Figueroa Santiago presentó ante el foro primario una *Moción de Reconsideración,* la cual el TPI denegó mediante una *Resolución,* notificada el 7 de abril de 2026.

De la referida denegatoria, la Peticionaria acude ante esta Curia, el 8 de mayo de 2026 a las 12:03 am. Surge de la plataforma del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA) que, la Entrada Núm. 1 solo contiene la cubierta de un escrito intitulado *Petición de Certiorari,* el Índice de Materias, el Índice Legal y el Índice del Apéndice, sin incluir propiamente el recurso. Se colige, además, que el pago del arancel correspondiente también fue presentado el mismo día, 8 de mayo de 2026. Como anejo, la Peticionaria consignó como

---

[2] Véase recurso núm. KLCE202500199.

documento principal una copia de un dictamen emitido el 11 de enero de 2018 por el TPI.

Corolario de lo antes, la Secretaria Auxiliar del Tribunal de Apelaciones remitió a la Sra. Figueroa Santiago una *Carta de Trámite Notificando Deficiencias en Escrito Presentado en el Tribunal de Apelaciones.* Allí le informó que, el documento presentado está incompleto y que su epígrafe no es igual al del foro recurrido.

Cónsono con lo anterior, el 11 de mayo de 2026, notificamos una *Resolución* en la cual concedimos a la Peticionaria un término adicional para subsanar las deficiencias señaladas y para mostrar causa por la cual no debemos desestimar el presente recurso por falta de jurisdicción, so pena de proceder según advertido.

En reacción, la Peticionaria comparece mediante una *Moción en Cumplimiento con Resolución,* presentada el 13 de mayo de 2026. En ella afirma haber presentado su recurso en SUMAC TA, el 7 de mayo de 2026. En el inciso 7 de su moción, la Peticionaria indica que su recurso fue presentado de forma incompleta debido a una presunta falla en la plataforma SUMAC TA, a las 11:42 pm del 7 de mayo de 2026, que le impidió presentarlo en su totalidad. Posteriormente añade que, en modo alguno, lo antes es atribuible a dejadez, desinterés, mala fe o falta de respeto de la Peticionaria hacia esta Curia. El 14 de mayo de 2026, la Peticionaria presenta un duplicado de la moción en cumplimiento, a la cual anejó la Petición de *Certiorari,* junto a otros documentos.

Hemos examinado con detenimiento el recurso sometido por la Peticionaria. Optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (b)(5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42.

**II.**

**A. La jurisdicción**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Greene y otros v. Biase y otros,* 2025 TSPR 83, resuelto el 21 de agosto de 2025. Es por ello, que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Municipio de Río Grande y otro v. Adquisición de Finca 27.661 de la Urbanización Industrial Las Flores, del Término Municipal de Río Grande y otros,* 2025 TSPR 36, resuelto el 4 de abril de 2025. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *R&B Power, Inc. v. Junta de Subastas ASG,* 213 DPR 685 (2024). Ello, pues los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019). De conformidad, los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Greene y otros v. Biase y otros,* supra.

En lo pertinente, un recurso prematuro o tardío adolece del defecto grave e insubsanable de privar de jurisdicción al foro del cual se recurre. *Pueblo v. Rivera Ortiz,* 209 DPR 402 (2022). Lo anterior debido a que, ante un recurso prematuro o tardío, el foro revisor no tiene autoridad judicial o administrativa para acogerlo. *Pueblo v. Ríos Nieves,* 209 DPR 264, 274 (2022). Aún más, la desestimación de un recurso tardío priva de manera fatal que el recurso pueda presentarse nuevamente ante cualquier foro. *Íd.* Por ello, cuando un tribunal determina que carece de jurisdicción para intervenir en un asunto, procede la inmediata desestimación del recurso apelativo en atención a las leyes y reglamentos para el perfeccionamiento de

estos recursos. *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 385 (2020).

Cabe puntualizar que, la ausencia de jurisdicción trae varias consecuencias, tales como el que no sea susceptible de ser subsanada; las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Allied Mgmt. Group v. Oriental Bank,* supra.

### B. Perfeccionamiento de los recursos ante el Tribunal de Apelaciones

Nuestro ordenamiento jurídico concede a todo ciudadano el derecho a recurrir de los dictámenes de un organismo inferior, sujeto a las limitaciones legales y reglamentarias, entre ellas, su correcto perfeccionamiento. *Isleta v. Inversiones Isleta Marina,* 203 DPR 585 (2019). De manera que, el cumplimiento con tales disposiciones reglamentarias no puede quedar al arbitrio de las partes o de sus abogados. *Íd.*

Conforme a la Regla 2.1 del Reglamento del Tribunal de Apelaciones, *supra,* tras la implementación del SUMAC al Tribunal de Apelaciones, todos los recursos, escritos y determinaciones judiciales han de presentarse y tramitarse a través de esta plataforma electrónica. La citada reglamentación exceptúa de la presentación electrónica los documentos de una parte por derecho propio; los documentos que, por su naturaleza, por ley o por orden judicial no puedan ser presentados electrónicamente; y los escritos que no puedan presentarse electrónicamente por problemas técnicos asociados a la plataforma electrónica. A esos fines dispone:

Cónsono con los propósitos de este Reglamento se establece que, a partir de la implementación del Sistema Unificado de Manejo y Administración de Casos (en adelante, SUMAC), todos los recursos y demás escritos, así como las resoluciones y decisiones judiciales, deberán presentarse y tramitarse a través de esta plataforma electrónica o cualquier otra que le sustituya, según autorizada por el Juez Presidente o la Jueza Presidenta del Tribunal Supremo. La presentación de escritos a través del SUMAC equivaldrá a la presentación en la Secretaría del Tribunal de Apelaciones. De igual forma, para fines de la presentación electrónica de documentos, una firma electrónica equivaldrá a una firma en manuscrito o de puño y letra.

Se exceptúa de lo anterior: (1) aquellos documentos que no puedan presentarse electrónicamente mediante el SUMAC por tratarse de una persona litigante que se represente por derecho propio, hasta tanto se implemente la tecnología necesaria para esto y se tomen las medidas administrativas correspondientes; (2) todo documento u objeto que, por su propia naturaleza, por ley o por orden judicial no pueda presentarse electrónicamente; (3) aquellos documentos que por problemas técnicos asociados a la plataforma electrónica no puedan presentarse electrónicamente. Estos documentos u objetos se presentarán físicamente en la Secretaría del Tribunal de Apelaciones, salvo que por orden judicial o administrativa se disponga de otra manera.

La presentación electrónica de documentos ante el Tribunal de Apelaciones cumplirá con lo dispuesto en las Directrices Administrativas para la Presentación y Notificación Electrónica de Documentos mediante el Sistema Unificado de Manejo y Administración de Casos, según enmendadas. Los recursos y demás escritos presentados previo a la implementación del SUMAC continuarán su trámite en papel y permanecerán en sus expedientes físicos originales.

En lo pertinente al procedimiento para formalizar un recurso de *certiorari*, la Regla 33 del Reglamento del Tribunal de Apelaciones, *supra*, establece lo siguiente:

(A) Manera de presentarlo

El recurso de *certiorari* que se someta a la consideración del Tribunal de Apelaciones se formalizará con la presentación del escrito en la Secretaría del Tribunal de Apelaciones, junto con el arancel correspondiente.

La fecha del pago de derechos arancelarios, de ser aplicable, constituirá la fecha de presentación del recurso de *certiorari*. Por lo tanto, la fecha de presentación del recurso no se retrotraerá a la fecha en que se cargó electrónicamente el documento. La plataforma electrónica emitirá un comprobante de presentación indicando que el recurso fue cargado al sistema. El

comprobante reflejará la fecha y la hora en que se realizó la transacción y advertirá que el documento no se entenderá presentado oficialmente hasta tanto se paguen los derechos arancelarios correspondientes.

Cuando la presentación física del recurso de *certiorari* sea necesaria conforme a lo dispuesto en la Regla 2.1 de este Reglamento, el recurso se formalizará con la presentación del original del escrito en la Secretaría del Tribunal de Apelaciones o en la Secretaría del Tribunal de Primera Instancia que dictó la sentencia apelada, junto con el arancel correspondiente.

Cuando el recurso de *certiorari*, junto con el arancel correspondiente, sea presentado de modo físico en la Secretaría del Tribunal de Apelaciones, la parte peticionaria deberá notificar con copia de la cubierta o de la primera página del recurso, debidamente sellada con la fecha y la hora de su presentación, a la Secretaría del tribunal recurrido dentro de las setenta y dos horas siguientes a la presentación de la solicitud. Este término será de cumplimiento estricto. De presentarse el recurso de *certiorari* en la Secretaría de la sede del Tribunal de Primera Instancia en la cual se resolvió la controversia objeto de revisión, la Secretaría del tribunal recurrido retendrá una copia del escrito de *certiorari* y la parte peticionaria notificará a la Secretaría del Tribunal de Apelaciones dentro de las cuarenta y ocho horas siguientes a la presentación de la solicitud, el original del escrito con el arancel cancelado debidamente sellado por la Secretaría del tribunal recurrido, con la fecha y la hora de su presentación. El término aquí dispuesto será de cumplimiento estricto.

De presentarse el recurso de *certiorari* en formato electrónico mediante el SUMAC, no será necesario que la parte peticionaria notifique la cubierta o primera página, debidamente sellada con la fecha y hora de presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la resolución recurrida, debido a que el SUMAC realizará de modo automático la notificación al tribunal recurrido.
[...]

Surge del comentario a la citada Regla 33 que, tras las enmiendas al Reglamento aprobadas en el año 2025, el inciso (A) de dicha regla fue enmendado para incorporar la presentación de forma electrónica del recurso de *certiorari* a través de SUMAC TA. A esos efectos el comentario aclara que, "como norma general, la presentación del recurso de *certiorari* deberá hacerse mediante el SUMAC, junto con el pago del arancel correspondiente."

Sobre la obligación de pagar aranceles, en *Greene y otros v. Biase y otros,* supra, el Alto Foro dictaminó que, es un requisito *sine qua non* para el perfeccionamiento de los recursos apelativos. Añadió que, por virtud de la Ley de Aranceles, *supra,* el recurso que se presente -sin el pago de los aranceles correspondientes- se reputará nulo y se tendrá por no presentado. Ahora bien, el Tribunal Supremo enumeró las siguientes circunstancias como excepciones al pago de aranceles:

1) si la persona es indigente;
2) cuando la deficiencia arancelaria ocurre sin intervención de la parte ni intención de defraudar, sino por inadvertencia de un funcionario judicial, quien acepta por equivocación un escrito sin pago alguno o por una cantidad menor de los aranceles que corresponden; y
3) si el Secretario del tribunal correspondiente instruyó erróneamente a la parte, sin intervención de esta última, colusión o intención de defraudar. (Cita omitida.)
No obstante, toda vez que el error en el pago de aranceles se deba a la parte o su abogado, no se reconocerá excepción alguna, por lo cual el documento será nulo y, en efecto, carecerá de validez. (Cita omitida.)

Con respecto al término para presentar el recurso de *certiorari,* la Regla 32 de nuestro Reglamento, *supra,* provee un término jurisdiccional de treinta (30) días, siguientes al archivo en autos de una copia de la notificación del dictamen recurrido. En virtud de lo anterior, si una parte acude al Tribunal de Apelaciones fuera del término jurisdiccional que dispone la Regla 32 de nuestro Reglamento, *supra,* su recurso resultaría ser tardío. *Pueblo v. Rivera Ortiz,* supra. Conforme a la Regla 72 de nuestro Reglamento, *supra,* los plazos para presentar los escritos electrónicamente vencen a las 11:59 de la noche del día correspondiente.

Ante un recurso presentado fuera del término jurisdiccional, el Tribunal de Apelaciones deberá declararse sin jurisdicción y deberá desestimar el recurso instado tardíamente. Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra.* A esos efectos, la citada Regla 83(C) faculta al foro apelativo a actuar por iniciativa propia para desestimar un recurso apelativo ante la ausencia de

jurisdicción. Cabe señalar que, el propósito de las citadas disposiciones reglamentarias es facilitar el acceso y el manejo ante los foros judiciales y garantizar una solución justa, rápida y económica a las partes. *Greene y otros v. Biase y otros,* supra.

Recientemente, en *Mojica Rodríguez v. ESSROC, San Juan Italcementi Group,* 2026 TSPR 47, resuelto el 30 de abril de 2026, el Alto Foro resolvió que no procedía desestimar un recurso de apelación que, por problemas técnicos asociados a la plataforma SUMAC TA, se cargó digitalmente fuera del término, luego de haber sido depositado oportunamente en el buzón de la Secretaría del Tribunal de Apelaciones, junto al arancel correspondiente. Cabe puntualizar que, en dicho caso, la parte promovente presentó el recurso de forma física, junto al pago del arancel, dentro del término jurisdiccional. Posteriormente, tras acreditar mediante una declaración jurada los problemas técnicos y los esfuerzos efectuados, con la ayuda del personal de apoyo técnico, la parte apelante logró la presentación electrónica del recurso, vencido el plazo jurisdiccional. Cumplidas las formalidades de presentación y pago de arancel, a través del buzón de la Secretaría del Tribunal de Apelaciones, dentro del término jurisdiccional y tomando en consideración que la plataforma había entrado en funciones hacía a penas cuatro (4) días, el Alto Foro dictaminó en ese caso, a manera excepcional, que no procedía desestimar el recurso.

### III.

Resulta fundamental para esta Curia, auscultar nuestra jurisdicción antes de ejercer la función revisora que se nos delegó. En el presente caso, el foro primario notificó el dictamen recurrido, el 10 de febrero de 2026. Ante su inconformidad, la Peticionaria instó un petitorio de reconsideración, el cual el TPI denegó mediante una *Resolución* notificada el 7 de abril de 2026.

Según la normativa aplicable, el término jurisdiccional de treinta (30) días para acudir ante esta Curia mediante un recurso de *certiorari* comenzó el 7 de abril de 2026, y venció el 7 de mayo de 2026, a las 11:59 pm. Sin embargo, surge de la plataforma SUMAC TA que la Peticionaria presentó la cubierta de un escrito denominado *Petición de Certiorari,* -el 8 de mayo de 2026 a las 12:03 am- sin contenido que no fueran las páginas iniciales con los distintos índices. No es hasta el 14 de mayo de 2026, que la Peticionaria presenta el recurso en su totalidad y como anejo a la *Moción en Cumplimiento con Resolución.* Cabe puntualizar que, la plataforma acreditó el pago del arancel, el 8 de mayo de 2026, vencido el término jurisdiccional para presentar y perfeccionar el recurso de epígrafe.

Reiteramos que, la Regla 33 de nuestro Reglamento, *supra,* establece claramente que la fecha del pago del arancel constituye la fecha de presentación del recurso de *certiorari.* Según la normativa esbozada, cuando la fecha del pago del arancel y la fecha de presentación son distintas, se considerará presentado el recurso en la fecha del pago de los derechos arancelarios. En la causa de epígrafe, ello ocurrió el 8 de mayo de 2026 fuera del término jurisdiccional aplicable.

Se colige de la Regla 2.1 de nuestro Reglamento, *supra,* que tras la implementación del SUMAC TA, todos los recursos ante esta Curia han de presentarse y tramitarse de forma electrónica a través de dicha plataforma, y lo antes equivale a la presentación en la Secretaría del Tribunal de Apelaciones.

En su *Moción en Cumplimiento con Resolución,* la Peticionaria imputa la presentación incompleta del recurso a una falla en la plataforma SUMAC TA, sin consignar los esfuerzos realizados de buena fe para lograr una presentación oportuna, sin evidenciar el pago de arancel dentro del término jurisdiccional y sin evidenciar el presunto error mediante una captura de pantalla o prueba similar y

en ausencia de una declaración jurada que afirme la veracidad de los hechos acontecidos. Cabe resaltar que, los hechos del caso de marras son distinguibles de lo ocurrido en *Mojica Rodríguez v. ESSROC, San Juan Italcementi Group,* supra, en donde la parte promovente presentó su recurso de forma física y el pago del arancel, dentro del término jurisdiccional. En su consecuencia colegimos que, tratándose del incumplimiento con el término jurisdiccional aplicable, esta Curia no posee autoridad ni discreción para entender sobre la causa según presentada.

**IV**.

Por los fundamentos antes expuestos, desestimamos el recurso de epígrafe por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones